# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | | |
|---|---|---|---|
| CAMERON ET AL v. APPLE INC. | ) | Civil Action Nos. | 4:19-CV-03074-YGR |
| | ) | | |
| IN RE APPLE IPHONE ANTITRUST LITIGATION | ) | | 4:11-CV-06714-YGR |
| | ) | | |
| | ) | | |
| | ) | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Coalition for App Fairness
(c/o Harmon, Curran, Spielberg & Eisenberg, LLP, 1725 DeSales Street NW, Suite 500, Washington, D.C., 20036)
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Schedule A

| Place: McDermott Will & Emery LLP<br>        500 North Capitol Street, NW<br>        Washington, D.C. 20001-1531<br><br>        Or as otherwise agreed. | Date and Time:<br>June 21, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 7, 2021

                *CLERK OF COURT*
                                              OR
                                              */s/ Nicole Castle*
_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                              Nicole Castle

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____Apple Inc.____
_____ , who issues or requests this subpoena, are:

Nicole L. Castle, 340 Madison Avenue, New York, NY 10173-1922, ncastle@mwe.com , (212) 547-5480



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action Nos. 4:19-CV-03074-YGR, 4:11-CV-06714-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ on *(date)*

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____     My fees are $ _____     My fees are $ _____

I declare under penalty of perjury that this information is true.

Date: _____     Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# SCHEDULE A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

## DEFINITIONS

1. The following rules of construction shall apply to all discovery requests:

    a. the connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    b. the use of the present or past tense shall be construed to include both the present and past tenses as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    c. "**any**" and "**each**" shall be construed to include and encompass "**all**"; and

    d. the use of the singular form of any word includes the plural and vice versa.

2. "**APP**" shall mean a software application for a HANDHELD DEVICE or NON-HANDHELD DEVICE INCLUDING PAID APPS.

3. "**APP DEVELOPER**" shall mean any PERSON who developed or otherwise makes available one or more APPS or other software.

4. "**APP MARKETPLACE**" shall mean any online storefront where APPS are offered for download and/or purchase. This term shall include, without limitation, Google Play, the Samsung Galaxy Store, Android Market, DEFENDANT'S iOS and Mac App Stores, the Amazon Appstore, Amazon Underground, the Microsoft Store for Xbox, the Windows Store, the Windows Phone Store, the Epic Games Store, Steam, Origin, and online storefronts distributing games and digital content for Xbox, PlayStation, and Nintendo.

5. "**APP STORE**" shall mean the APP MARKETPLACE operated by DEFENDANT.

1

6.     "**COMMUNICATION**" shall include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

7.     "**CONCERNING**" a given subject shall mean: directly or indirectly comprising, concerning, constituting, containing, discussing, embodying, evidencing, exhibiting, identifying, mentioning, negating, pertaining to, recording, regarding, reflecting, relating to, showing, or supporting a given subject matter.

8.     "**DEFENDANT**" shall mean Apple Inc.

9.     "**DOCUMENT**" and "**DOCUMENTS**" shall have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any and all drafts; COMMUNICATIONS; memoranda; records; REPORTS; books; records, REPORTS, and/or summaries of personal conversations or interviews; diaries; presentations; slide decks; graphs; charts; spreadsheets; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, REPORTS, and/or summaries of meetings or conferences; press releases; blog posts; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs, or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced; and any paper or writing of whatever description, INCLUDING information contained in any computer although not yet printed out. Any production of electronically stored information shall include the information needed to understand such information. The term "DOCUMENT" or "DOCUMENTS" further includes all copies where the copy is not identical to the original.

10.     "**EPIC**" shall mean Epic Games, Inc., its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any PERSON or entity that served in any such role at any time, as well as its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates,

2

(including but not limited to Epic Games International S.à r.l and Life on Air, Inc.), and any PERSON that Epic Games, Inc., manages or controls.

11.     "**INCLUDING**" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

12.     "**MICROSOFT**" shall mean Microsoft Corporation or any of its predecessor or successor companies,     subsidiaries (INCLUDING LinkedIn Corporation and Mojang AB), corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

13.     "**NAMED CONSUMER PLAINTIFF**" shall mean a named plaintiff in *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.), and *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.), INCLUDING: **Edward W. Hayter**, of Brooklyn, NY; **Edward Lawrence**, of California; **Robert Pepper**, of Chicago, IL; and **Stephen H. Schwartz**, of Ardsley, NY, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

14.     "**NAMED DEVELOPER PLAINTIFF**" shall mean a named plaintiff in *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.), and *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.), INCLUDING: **Donald R. Cameron**, of California; **Barry Sermons**, of Georgia; and **Pure Sweat Basketball, Inc.**, an Illinois corporation, and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

15.     "**PERSON**" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

16.     **"PLAINTIFFS"** shall mean any NAMED CONSUMER PLAINTIFF and/or any NAMED DEVELOPER PLAINTIFF and any representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on their behalf.

17.      "**THE**" shall not be construed as limiting the scope of any topic.

18.     "**YOU**" or "**YOUR**" shall refer to Coalition for App Fairness (INCLUDING Open Mobile Platforms Coalition), or any of its predecessor or successor companies, members, subsidiaries, corporate affiliates, officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, and any other PERSON or entity acting on its behalf, or any PERSON or entity that served in any such role at any time.

## INSTRUCTIONS

1.     All DOCUMENTS requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether YOU consider the attachments and enclosures to be relevant or responsive to the Request.

2.     In responding to these Requests, YOU shall produce all DOCUMENTS and information in YOUR possession, custody, or control, and all DOCUMENTS reasonably available to YOU, INCLUDING those in the possession, custody, or control of YOUR present and former attorneys, investigators, accountants, agents, representatives, or other PERSONS acting on YOUR behalf.

3.     These Requests shall not be deemed to call for identical copies of DOCUMENTS. "Identical" means precisely the same in all respects; for example, a DOCUMENT with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

4.     In the event YOU are able to produce only some of the DOCUMENTS called for in a particular Request, YOU shall produce all the DOCUMENTS available and state the reason(s) for YOUR inability to produce the remainder.

5.     If there are no DOCUMENTS responsive to a category in these Requests, YOU shall so state in writing. If a DOCUMENT requested is no longer existing or available, YOU shall

so state in writing.

6.      If YOU object to a portion of any Request, YOU shall produce all DOCUMENTS called for by that portion of the Request to which YOU do not object.

7.      In producing DOCUMENTS responsive to these requests, YOU must Bates stamp them in a manner that clearly identifies the party that is producing each such DOCUMENT, and in whose possession the DOCUMENT was found.

8.      If any requested DOCUMENT is withheld on the basis of any claim of privilege, YOU must set forth the information necessary for DEFENDANT to ascertain whether the privilege properly applies, INCLUDING describing the DOCUMENT withheld, stating the privilege being relied upon, identifying all PERSONS (by name) who have had access to such DOCUMENT (INCLUDING all the identity(ies) of the author(s) or maker(s), recipient(s), carbon copy recipient(s), blind carbon copy recipient(s)), the number of attachments (if any), the Bates or production number of any attachments not withheld on the basis of privilege, the applicable date(s), and the subject matter(s) in a privilege log.

9.      If any portion of any DOCUMENT responsive to these Requests is withheld under claim of privilege, all non-privileged portions must be produced with the portion(s) claimed to be privileged redacted and logged in a privilege log pursuant to the preceding instructions.

10.     If YOU cannot answer all parts of a Request, but can answer some parts, YOU must answer those parts to which YOU can reply, and specify "unknown," or some other response, as appropriate, for any part to which YOU cannot reply.

11.     Unless otherwise stated, the time period for which the Requests seek DOCUMENTS is August 1, 2019 to the present.

12.     References to any natural PERSON shall include, in addition to the natural PERSON, any agent, employee, representative, attorney, superior, or principal thereof.

13.     Specified date ranges are inclusive. Unless otherwise stated, a year includes all days of that year from January 1 to December 31.

14.     These Requests are to be regarded as continuing pursuant to Rule 26(e) of the

Federal Rules of Civil Procedure. YOU are required to provide, by way of supplementary responses hereto, such additional information as may be obtained by YOU or any PERSON acting on YOUR behalf that will augment or modify YOUR answers initially given to the following Requests. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, YOU are required to supplement these responses and provide additional DOCUMENTS without a specific request from DEFENDANT.

15.    DEFENDANT serves these Requests without prejudice to its right to serve additional requests for production of DOCUMENTS.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED CONSUMER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 2:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any NAMED DEVELOPER PLAINTIFF (and/or their counsel).

**REQUEST FOR PRODUCTION NO. 3:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any APP DEVELOPER (and/or their counsel), INCLUDING EPIC (and/or their counsel), and INCLUDING MICROSOFT (and/or their counsel), CONCERNING:

a.    the APP STORE, INCLUDING any guidelines, policies, and procedures for the APP STORE;

b.    the distribution of APPS on any APP MARKETPLACE(S);

6

c.      any of the following litigations, INCLUDING declarations, anticipated oral
testimony, or documentary evidence relating to the same:

       i.      *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

      ii.      *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

     iii.      *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

     iv.      *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

      v.      *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.);
          and

d.      any allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 4:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR
counsel) and any federal, state, or local governmental entity, either foreign or domestic,
INCLUDING any U.S. or state agency, attorney general's office, or congressional committee,
CONCERNING any APP MARKETPLACE, the DEFENDANT, and/or any allegations or
suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 5:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS
between YOU (and/or YOUR counsel) and any actual or proposed founder or member of YOUR
organization (and/or their counsel), INCLUDING Basecamp, Blix Inc., Blockchain.com, Deezer,
EPIC, Match Group Inc., News Media Europe, Prepear Inc., ProtonMail, SkyDemon, Spotify, Tile
and Yoga Buddhi, CONCERNING the DEFENDANT, any APP MARKETPLACE(S), and/or any
allegations or suspicion of any anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS,      INCLUDING      COMMUNICATIONS,      CONCERNING      YOUR
formation, documents of incorporation, bylaws, purpose and objectives, activities, sponsorship,
founders, board members, meeting minutes, membership list, fees, publications, press releases,
letters to members or government agencies.

**REQUEST FOR PRODUCTION NO. 7:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING YOUR website appfairness.org INCLUDING its formation, documents of incorporation, bylaws, purpose, objectives, activities, sponsorship, founders, meeting minutes, membership, fees, and any allegations YOU published on appfairness.org of anti-competitive conduct or behavior.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING the subject matter of the following litigations:

      i.     *Pepper v. Apple Inc.*, Case No. 4:11-cv-06714-YGR (N.D. Cal.);

      ii.    *Lawrence v. Apple Inc.*, Case No. 4:19-cv-02852-YGR (N.D. Cal.);

      iii.   *Cameron v. Apple Inc.*, Case No. 419-cv-03074-YGR (N.D. Cal.);

      iv.   *Sermons v. Apple Inc.*, Case No. 4:19-cv-03796-YGR (N.D. Cal.); and

      v.    *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640-YGR (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 9:**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and:

    a.    Athey, Susan;

    b.    Barnes, Ned;

    c.    Cragg, Michael;

    d.    Evans, David;

    e.    Lee, Wenke;

    f.    Mathiowetz, Nancy;

    g.    Mickens, James; and

    h.    Rossi, Peter.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show YOUR efforts to solicit or increase membership in YOUR organization, INCLUDING any strategy and/or public relations DOCUMENTS, whether developed and drafted directly by YOUR organization or any other PERSON.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS AND DOCUMENTS exchanged between YOU (and/or YOUR counsel) or any of YOUR members (and/or their counsel) and Lane Kasselman (and/or his counsel), Greenbrier (and/or their counsel), The Messina Group (and/or their counsel), and/or Matthew Weissinger (and/or his counsel) CONCERNING:

    a.  Project Liberty;

    b.  the DEFENDANT; and

    c.  any actual or potential litigation against the DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL COMMUNICATIONS or DOCUMENTS CONCERNING:

    a.  Lane Kasselman;

    b.  Greenbrier;

    c.  The Messina Group; and

    d.  Matthew Weissinger.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS or DOCUMENTS exchanged between YOU (and/or YOUR counsel) and any consultants, consulting firms, political strategist, advisors and/or public relations firms.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show YOUR agreements or contracts with any APP DEVELOPER, INCLUDING any guidelines, rules, or principals related to membership in YOUR organization.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS AND COMMUNICATIONS CONCERNING any financial relationship between YOU and any APP DEVELOPER, INCLUDING EPIC, INCLUDING any payments or monies paid by any APP DEVELOPER, INCLUDING EPIC, to YOUR organization, INCLUDING to any PERSON acting on behalf of YOUR organization.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show all financial contributions that YOU have received of any kind (INCLUDING in kind or pro bono services), INCLUDING, the identity of the PERSON(s) or entities from whom such contributions were received, the date(s), type(s), amount(s) and value(s) for each.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show the organizational structure of, and/or listing personnel working for YOUR organization, INCLUDING any PERSON that does any work on behalf of YOUR organization, INCLUDING work done on a volunteer or non-paid basis.

**REQUEST FOR PRODUCTION NO. 18**

ALL DOCUMENTS produced to PLAINTIFFS in this litigation.

**REQUEST FOR PRODUCTION NO. 19**

ALL COMMUNICATIONS and DOCUMENTS reflecting any COMMUNICATIONS between YOU (and/or YOUR counsel) and any of the following law firms:

    a.  Cravath Swaine & Moore LLP;

    b.  Faegre Drinker Biddle & Reath LLP;

    c.  Wiggin and Dana LLP;

    d.  Hagens Berman Sobol Shapiro LLP;

    e.  Wolf Haldenstein Adler Freeman & Herz LLP;

    f.  Alioto Law Firm;

    g.  Kellogg, Hansen, Todd, Figel & Frederick, PLLC;

    h.  Calcaterra Pollack LLP;

i.  Nedeau Law PC;

j.  Law Offices of Lawrence G. Papale;

k.  Law Offices of Jeffery Kenneth Perkins;

l.  Alexander H. Schmidt, Esq.;

m.  Berman Tabacco;

n.  Thomas C. Willcox;

o.  Freed Kanner London Millen LLC;

p.  Sperling & Slater P.C.; and

q.  Saveri & Saveri, Inc.